## MRS. S. L. BAREFIELD v. STATE.

No. A-5998.  Opinion Filed Feb. 11, 1928.
Rehearing Denied May 5, 1928.
(266 Pac. 786.)

66

Bond & Bond, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as defendant, was by information filed in the county court of Stephens county, Okla., charged with the unlawful sale of one pint of intoxicating liquor. Defendant entered her plea of not guilty to the charge; a jury was impaneled, testimony taken, and the jury returned a verdict finding the defendant guilty as charged in the information, and fixing her punishment at a fine of $500 and six months' imprisonment in the county jail. Motion for new trial was filed and overruled and exceptions saved. From the sentence and judgment the case is brought to this court for review.

The defendant has assigned four errors alleged to have been committed by the trial court. We will first consider the fourth error assigned, which is as follows: "(4) Because the evidence is insufficient to sustain the verdict."

The testimony on behalf of the state, in substance,

is that Jack Neal stated that he went to the home of the defendant and that he bought a pint of whisky from her. His memory becomes bad when asked what he paid her for it. I. B. Gossett and C. N. Coker testify that they saw Jack Neal go to the home of the defendant, and they followed him there and one was looking through a window and the other through a door and saw the defendant and Jack Neal together, and saw Jack Neal put a bottle of whisky in his pocket and lay something down on the dresser or a cabinet, and the defendant picked it up and took it away; that when Jack Neal came out of the house he had a pint of whisky and told them he bought it from the defendant.

The defendant testified in her own behalf that she met Jack Neal some time during the day previous to the occurrence at the house and asked him to get her some whisky, and that he came to her home and told her that he had gotten the whisky and asked her to take two pints, but that she only took one, and that she paid him for it. When the officers went into the house to talk with the defendant she told them what whisky she had was up in a jar or vessel. The defendant introduced some other testimony which conflicted with the statements of the state's witnesses.

From a careful examination of the record we find that the evidence of the state is sufficient to sustain the verdict of the jury. Where there is a conflict in the evidence this court will not set aside a verdict or judgment if there is any competent evidence which, if believed by the jury, is sufficient to uphold the verdict.

There is nothing in the record to indicate that the defendant had been engaged in the sale of whisky prior to this alleged sale. Under the testimony in this case, and the small quantity of whisky alleged to have been sold by the defendant, it is the opinion of the court

that the ends of justice would be best subserved by modifying the judgment, from imprisonment in the county jail for 6 months and $500 fine, to imprisonment in the county jail for 60 days and a fine of $200.

There are other errors argued, but on the view we take of this record we do not deem it necessary to consider them. From a careful examination of the record, we find no error prejudicial to the rights of the defendant was committed.

For the reasons herein stated, the judgment is modified, and, as modified, is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.